## MANGOLD v. THORPE, AVISON, AND ALBRECHT.

1. A justice of the peace, having cognizance of a criminal complaint, cannot be sued by the party implicated, for any act done by him within his jurisdiction.
2. Even if a justice be actuated by malice in the exercise of his judicial function, he cannot be called to account at the suit of the party injured—the only remedy being by impeachment.
3. The case of *Neighbour* v. *Trimmer*, 1 *Harr*. 58, questioned.
4. A warrant, regular on its face, and issued by a magistrate having jurisdiction over the subject matter, affords a full justification for all acts done by a constable in its lawful execution.

Demurrer to pleas.

The action was trespass for assault and false imprisonment. The first plea demurred to, set forth these facts: That on 1st December, 1865, certain raw silk had been feloniously stolen from the Phœnix Manufacturing Company; and that, on the 18th March, 1867, one John McRea made oath before the defendant, Avison, who was a justice of the peace, that a parcel of silk, about the same quantity and kind stolen, was shown to him by one Mrs. Miller, she wishing him to exchange the same for sewing silk, and also stating that a friend, or a friend's brother, had brought the same from Switzerland; and that the man who had left it with her, wanted six dollars a pound for said raw silk, and that he, witness, was certain that the said silk was the same which he then saw in the possession of Albrecht; that Mr. Miller, the husband of the previous witness, testified before the said justice, that he had received the said parcel of silk from the said Mangold, about the middle of the said month of March, who offered to him the same at five dollars a pound, and that he had taken it to New York to sell for the said Mangold; that on same day, Thorpe, the other defendant, made oath before the said justice, that, in December, 1865, the Phœnix Manufacturing Company owned some silk, about six pounds of which had been stolen from them, and that he had seen

the silk referred to by the previous witness, and that he believed it to be part of the silk so stolen; and that he was quite positive it was the same; that on the same day, the said Avison, being a justice as aforesaid, and said Albrecht, being one of the constables of said county, the said justice issued his warrant, under his hand and seal, directed to any constable, &c., and delivered to said Albrecht, whereby and after reciting that, whereas Thomas Thorpe and others, of Paterson, in said county, hath made an oath before him that, about the month of December, A. D. 1866, certain raw silk was, by some person or persons, stolen from the possession of the Phœnix Manufacturing Company, and the said stolen silk had been found in the possession of said Mangold, and the said Mangold had offered the said stolen silk for sale at less than one-third its value, the said warrant authorized and required any constable of said county to apprehend the said Mangold, if in said county, and bring him forthwith before the said justice, to answer to said complaint, and to be further dealt with as the law directs. The plea then avers, in the usual form, that it was the execution of this warrant, the defendant, Thorpe, assisting the constable at his request, which constituted the assault and imprisonment complained of.

Argued before the CHIEF JUSTICE, and Justices BEDLE and WOODHULL.

For plaintiff, *J. Hopper.*

For defendants, *A. B. Woodruff.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. I shall, in the first place, consider this demurrer in its application to the first special plea, being the first of the pleas demurred to.

This plea appears to have been framed on an erroneous theory. It indicates that the pleader entertained the idea that it was necessary to spread upon the record the facts and

circumstances which led the justice of the peace, who is one of the defendants, to issue the warrant, under which the plaintiff was arrested. But this was a mistake. The legal elements of the defence are plain. So far as respects the defendant, who was a justice, all that was necessary to show was, that he had jurisdiction of the case, and that he did not overstep such jurisdiction. If this officer had cognizance of the case, the propriety of his conclusions, from the facts before him, cannot be drawn in question. Even if he acted maliciously, in the exercise of his judicial function, he cannot be called to account at the suit of the party injured; the only remedy is by impeachment. All judicial officers, in this particular, must stand upon a level; and if one of these subordinate magistrates be open to an action for an error of judgment, or a malicious use of his official power, to the same extent can a justice of this court be held to responsibility. Such a doctrine would be replete with evils, and is not law. The impolicy of such a rule, is displayed in strong colors by Chief Justice Shaw, in *Pratt* v. *Gardner*, 2 *Gray* 63. The circumstances of that case were these: The declaration alleged that the defendant, who was a justice of the peace, willfully and maliciously received a false and groundless complaint against the plaintiff, for a criminal trespass, and thereupon willfully and maliciously issued his warrant, upon which the plaintiff was arrested, and carried before the defendant for trial, and was by him willfully and maliciously tried and convicted. On demurrer, it was held that the action could not be maintained. This case, it will be readily perceived, adopts the theory, in its entirety, of judicial irresponsibility to suit. The following are a few of the many cases of weight which stand upon the same ground: *Yates* v. *Lansing*, 5 *Johns.* 282; 9 *Id.* 395; *Carratt* v. *Morley*, 1 *Q. B.* 17; *Houlden* v. *Smith*, 11 *Q. B.* 841; *Calder* v. *Halket*, 3 *Moore's Privy Council Cases* 28; *Taafe* v. *Downes*, 3 *Moore's Privy Council Cases* 36, *note* (*a*).

I am not sure that the principle adopted by this court in *Neighbour* v. *Trimmer*, 1 *Harr.* 58, can be brought into

Mangold v. Thorpe et al.

harmony with the doctrine of the cases just cited. The suit was against a justice, for deceitfully concealing from the plaintiff the fact that a judgment had been rendered against him, and thereby depriving him of his right of appeal. This action was sustained—a result, perhaps, which may be vindicated on the ground that the conduct complained of was no part of the judicial function of the officer. The decision, at best, seems to rest on very questionable principles, and, if it is to be followed at all, it should have no application to that important class of cases to which the present one belongs. For my part, I regard it as a matter of public interest, that the rule should be perfectly settled which gives to a judge entire immunity from private prosecutions, in respect of every act of a judicial nature within the scope of his jurisdiction.

Adopting, then, the foregoing rule, it becomes manifest that the plea in this case discloses a complete defence, so far as relates to the defendant, who was a justice of the peace. The substantial facts are, that, from affidavits duly taken, it appeared that a larceny had been committed, and one witness testified that the article found in the possession of the plaintiff, corresponded, in quality and quantity, with the article stolen, and that he believed it to be the same. There were many other superfluous circumstances set out in the plea, to which it is unnecessary to advert. These proofs manifestly placed before the justice a case, upon which it was his duty to exercise his official judgment. He was bound to decide whether the circumstances proved were such as to call for the arrest of the party inculpated. Touching the question of jurisdiction, I perceive not the absence of any essential. The law gave cognizance over the offence, and the depositions brought within the same cognizance this particular case. I do not forget that it was urged, on the argument, that there was no proof before the justice which clearly fixed this offence on the plaintiff. But this is to wander from the point of jurisdiction, and to pass into the question as to the

*bona fides* of the conduct of the justice—a matter which I have already said cannot be inquired into in this action.

.It further appears in the plea, that the justice thus having the legal control over the case, issued his warrant for the apprehension of the plaintiff, which was executed by the defendant, who was a constable, with the aid of the third defendant, who was called upon for assistance. Under such circumstances, there is not the slightest ground to charge this constable with any responsibility for the execution of this precept. The rule is everywhere recognized, that a ministerial officer is protected because he is bound to obey the commands, if formally given, of his superior having jurisdiction, without inquiring whether the action of such superior was justified or not. A warrant, regular on its face, and issued by a magistrate having jurisdiction over the subject matter, affords a full justification for all acts done by a constable in its lawful execution. *Clarke* v. *May*, 2 *Gray* 413 ; *Thomas* v. *Hudson*, '14 *M. & W.* 353 ; *Andrews* v. *Harris*, 1 *Q. B.* 3.

The court's attention was directed by counsel to the form of the warrant in the present case, it being insisted that it was so radically defective as to be void. The alleged defect was that the character of the offence with which the plaintiff stood charged, was not expressed in this writ. But such a statement, though necessary in a commitment, does not, according to the authorities, appear to be an essential element of a warrant. Indeed, Mr. Chitty remarks, " that cases may occur in which it would be imprudent to let even the peace officer know the crime of which the party to be arrested is accused." 1 *Chitty's C. L.* 41 ; *Dalt. C.* 169 ; 2 *Hawk. C.* 13, § 25 ; 2 *Hale* 111 ; 2 *Wils.* 158.

But even if the rule were otherwise, I do not think the precept now in hand obnoxious to the charge brought against it. It does show, with intelligible clearness, the nature of the charge pending before the magistrate and the cause for which the apprehension of the plaintiff was ordered.

I conclude that the plea in question, although informal,

discloses facts which constitute an effectual bar to the action. As the demurrer embraces this, as well as the next plea, the defendants are entitled to judgment.

The foregoing conclusion disposes of the case; but it may save trouble to the parties for me to express the opinion that the third plea does not appear to be sufficient. It consists of an averment that the same affidavits were made as those set out in the preceding plea, but it omits, altogether, the statement that the justice thereupon issued a warrant, and the only admission of an arrest and detention, is to be found in a declaration to the effect, that after the plaintiff had voluntarily gone, with the constable and his assistant, before the justice, and submitted to an examination, they, the said two defendants, together with the justice, detained the plaintiff long enough to take his affidavit to such examination; after which, as the plea avers, the plaintiff was discharged on his own recognizance. The case then is thus presented: the plaintiff says, to the defendants, that they assaulted and imprisoned him; they reply that a charge of felony was laid against him before the defendant, who was a justice, that at the request of the other two defendants, he proceeded before that officer, and that they, together with the justice, detained him there until he had signed his deposition. But what right had these two defendants to put any restraint at all upon the person of the plaintiff? It is not alleged that they did so at the request, or by the direction of the justice, nor is it pretended that the plaintiff made any resistance, or attempted to escape. It is true, that as there was reason to believe a felony had been committed, and suspicion, on probable grounds attached to the plaintiff, Mr. Albrecht, as constable, had a right to take him into custody, but he was not warranted in doing so while the plaintiff was submitting, spontaneously, to an examination before the magistrate. No necessity for such interference is shown in the plea, and consequently no defence appears with respect to the constable and his assistant. So far as the justice is concerned, the facts set forth would have constituted a good bar, if he had

pleaded separately, for if it be true, as the demurrer admits, that all that this officer did was to detain the plaintiff before him until he had taken his examination and recognizance, it would seem that nothing tortious can be laid at his door. But the defence is joint as to all the defendants, and consequently is not divisible, for the rule is settled, that if two or more defendants unite in a defence, which is a sufficient justification for one but not such as to the others, the plea will be bad as to all. In such a posture the court cannot sever the defence, and say that one is guilty and the others not, when they all put themselves upon the same terms. 1 *Saund.* 28, *note* 2.

> Judgment for defendants.

BEDLE and WOODHULL, Justices, concurred.